UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMA B. BERNARD,<br>Booking #21104941,<br><br>          Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, Bd. of Supervisors; WILLIAM GORE, San Diego County Sheriff's Dept.; SHERIFF DEPUTY MORA; JAMES TEH, North County Prosecutor,<br><br>          Defendants. | Case No. 21cv967-MMA-AGS<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

  Plaintiff Ama B. Bernard, while detained at the San Diego Central Jail ("SDCJ"), and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). Plaintiff seeks the dismissal of San Diego Criminal Case No. CN404627 and monetary damages against the City of San Diego, the San Diego County Sheriff, a Sheriff's Department Deputy, and a San Diego County Deputy District Attorney based on claims that they have selectively prosecuted, falsely imprisoned, and have subjected him to unsafe conditions and excessive force at the SDCJ. *Id.* at 2–5.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:21-cv-00967-MMA-AGS

those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego Sheriff's Department Inmate Account Activity dated December 20, 2020 through May 13, 2021. *See* Doc. No. 2 at 6; 28 U.S.C. § 1915(a)(2); CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement and an accompanying Prison Certificate completed by a SDCJ deputy show Plaintiff has carried an average monthly balance of $77.50 and had a total of $50 deposited to his account over this 6-month period. Plaintiff also had an $85.22 available trust account balance on his books at the time of filing. *See* Doc. No. 2 at 5, 6.

Based on this accounting, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and assesses an initial partial filing fee of $15.50 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's trust account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the San Diego County Sheriff's Department, or any agency having subsequent custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h) and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a

prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.     **Factual Allegations**

Plaintiff challenges both the conditions of his confinement at the SDCJ and the validity of ongoing criminal proceedings in San Diego Superior Court Criminal Case No. CN404627. *See* Compl., Doc. No. 1 at 1, 3–5. First, as best the Court can decipher,

Plaintiff claims the City, through its Board of Supervisors, San Diego County Sheriff William Gore, and unidentified SDCJ "Staff" have "compromise[d] safety at the expense of inmates," "violat[ed] federal mail regulations" and have "imped[ed] [the] grievance process" by "passing the buck." *Id.* at 3.

Plaintiff further claims Sheriff Deputy Mora "robbed" him of an engagement ring and used excessive force including a "chokehold" against him on January 28, 2020, which was "later outlawed by Sheriff Gore."[2] *Id.* at 4.

Finally, with respect to his criminal proceedings, Plaintiff claims Defendant Teh, a "North County Prosecutor," failed to "charge the said victim in San Diego Superior Court Criminal Case #CN404627" "in an attempt to justify [his] selective prosecution" and to justify Plaintiff's "false imprisonment." *Id.* at 2, 5. As a result, Plaintiff asks this Court to "[d]ismiss Case #CN404627." *Id.* at 5.

C.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  City of San Diego

As a preliminary matter, the Court finds that to the extent Plaintiff names the City of San Diego, or its Board of Supervisors as a Defendant, *see* Compl. at 1, 2, he fails to allege a plausible claim for relief. *Iqbal*, 556 U.S. at 677–78. While the City of San Diego itself may be considered a "person" and, therefore, a proper defendant under

---

[2] Plaintiff acknowledges these same January 28, 2020 excessive allegations involving Deputy Mora were the subject of his previous civil rights suit, *Bernard v. San Diego Sheriff Dept., et al.*, S. D. Cal. Civil Case No. 3:20-cv-01176-BAS-RBM. *See* Compl., Doc. No. 1 at 3–4.

§ 1983, *see Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988), Plaintiff fails to allege that the City or the City's Board of Supervisors is the governmental entity responsible for managing or ensuring the safety of persons detained at SDCJ.[3]  In fact, SDCJ is managed by the County, and not the City of San Diego.  *See, e.g., Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001) (concluding that under California law, the County may be subject to liability under 42 U.S.C. § 1983 when it "function[s] as the administrator of the local jail."); *Est. of Silva v. City of San Diego,* No. 3:18-CV-2282-L-MSB, 2020 WL 6946011, at *4 (S.D. Cal. Nov. 25, 2020).  Moreover, to the extent Plaintiff intended to assert a claim against the County of San Diego itself, his allegations are also insufficient.  A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  The County of San Diego may not be held vicariously liable under § 1983 simply because unidentified SDCJ employees are alleged to have acted wrongfully.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014).  Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Thus, as currently pleaded, and with respect to Plaintiff's claims against the City of

---

[3] "The San Diego County Sheriff's Department has the legal obligation to care for persons held in County custody.  The department operates a system of seven detention facilities throughout San Diego, with a combined average daily population of more than 5,000 inmates." *See* https://www.sdsheriff.gov/bureaus/detention-services-bureau (last visited July 27, 2021).

San Diego or its Board of Supervisors, the Court finds Plaintiff's Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b) because he has failed to allege any facts which "might plausibly suggest" that the City itself violated his constitutional rights with respect to any of the conditions of confinement referenced in his Complaint. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims).

E. Sheriff Gore and Deputy Sheriff Mora

To the extent Plaintiff seeks to hold San Diego County Sheriff Gore personally liable for improperly "delegat[ing] responsibility" to underlings with respect to his "health and safety" at the SDCJ, *see* Compl. at 2, 3, and to the extent Plaintiff seeks to sue Deputy Sheriff Mora for using excessive force against him on January 28, 2020, *id.* at 2, 4, his Complaint also requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

First, Plaintiff faults Gore for permitting SDCJ "to continue its operation regardless of health & safety hazards." *See* Compl. at 3. But he includes no "factual content" to explain what Gore either did or failed to do and fails to describe how Gore's personal acts or omissions caused Plaintiff any harm. *See Iqbal,* 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."). "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must allege facts sufficient to show either the direct or personal participation of each official he seeks to sue in the harm he alleges to have suffered, or some sufficient causal connection between each official's allegedly unconstitutional conduct and his injury. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). As pleaded, Plaintiff's allegations invoking Gore amount only to they type of "unadorned, the defendant-unlawfully-harmed-me accusation," that fail to state any plausible claim for relief. *Iqbal*, 556 U.S. at 678.

Second, while Plaintiff's allegations that Deputy Mora employed a chokehold

against him on January 28, 2020 while he was "fully restrain[ed]" are more specific, they nevertheless require sua sponte dismissal because they are duplicative of claims he admits to have previously brought in *Bernard v. San Diego Sheriff Dept.*, S.D. Cal. Civil Case No. 3:20-cv-01176-BAS-RBM ("*Bernard I*"). See Compl. at 4.

    A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Bernard 1*, Plaintiff sought to sue both the San Diego Sheriff's Department and Deputy Mora based on claims that Mora used excessive force against him, including a carotid restraint on January 28, 2020. *See Bernard I*, Civil Case No. 3:20-cv-01176-BAS-RBM, Doc. No. 1 at 3. Judge Bashant determined that while Plaintiff's allegations against the Sheriff's Department failed to state a claim, the excessive force claims arising on January 28, 2020 Plaintiff alleged against Deputy Mora were sufficient to state a plausible claim for relief. *See id.*, Doc. No. 3 at 5–6. After Plaintiff failed to effect service via the U.S. Marshal, refused mail addressed to him by the Court, and failed to show cause as to why his case should not be dismissed, Judge Bashant dismissed *Bernard I* on January 5, 2021 based on Plaintiff's failure to prosecute. *See id.*, Doc. Nos. 3–7; *see also Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (a court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (citation omitted).

    Thus, because Plaintiff previously sought to bring identical claims presented in the instant action against the same party in *Bernard I,* abandoned them, and ultimately had them dismissed in Deputy Mora's favor based on his failure to prosecute, the Court now dismisses those duplicative claims again alleged against Deputy Mora in this action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Wilhelm*, 680 F.3d at 1121; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we

examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

      F.     James Teh & Criminal Case #CN404627

Finally, to the extent Plaintiff seeks damages against James Teh, a "North County Prosecutor" for his selective prosecution in San Diego Superior Court Criminal Case No. CN404627, and further seeks to have that case dismissed based on Plaintiff's resulting term of false imprisonment, his suit may not proceed pursuant to 42 U.S.C. § 1983.

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment[.]") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81-82).

Here, because Plaintiff seeks damages based on claims that he is being falsely imprisoned and selectively prosecuted, his suit is subject to dismissal because he may not pursue such claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction in San Diego Superior Court Case No. CN404627 has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87; *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1054-55 (9th Cir. 2016).

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (emphasis added) (quoting *Preiser*, 411 U.S. at 498–99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court)).

Because Plaintiff seeks damages related to his criminal trial proceedings, and expressly asks that San Diego Superior Court Criminal Case No. CN404627 be "dismiss[ed]," *see* Compl. at 5, he may not proceed pursuant to § 1983 unless and until that conviction has been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'") (quoting *Heck*, 512 U.S. at 489). A federal district court cannot "dismiss" a state court criminal conviction pursuant to 42 U.S.C. § 1983, and an award of damages based on that conviction would necessarily imply its constitutional validity and consequently affect the duration of his confinement. *See Heck,* 512 U.S. at 487; *see also Pattillo v. Lombardo,* No. 2:17-CV-01849-JAD-VCF, 2017 WL 3622778, at *4 (D. Nev. Aug. 23, 2017) ("When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could

entitle him to an earlier release … or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is the writ of habeas corpus.").

Because Plaintiff does not claim to have already invalidated the conviction which forms the basis of his suit by way of direct appeal, executive order, or through the issuance of either a state or federal court writ of habeas corpus, *Heck*, 512 U.S. at 487, his Complaint must be dismissed *sua sponte* and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See Phillipi v. Does*, No. CIV. 11-2612 DMS RBB, 2011 WL 6400303, at *2 (S.D. Cal. Dec. 20, 2011) (*sua sponte* dismissing civil rights action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A because "habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that … the sentence currently being served is unconstitutionally long.") (citing *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser*, 411 U.S. at 500); *Lopez*, 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

G.     Leave to Amend

For the reasons discussed, the Court finds Plaintiff both fails to state any § 1983 claim upon which relief can be granted and asserts duplicative claims which are legally frivolous. Therefore, it dismisses Plaintiff's Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. In light of his *pro se* status, the Court will also grant Plaintiff leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar,* 698 F.3d at 1212).

III.   **Conclusion and Order**

Accordingly, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

(Doc. No. 2).

  2) **DIRECTS** the Watch Commander of SDCJ, and/or any agency having subsequent custody, or their designees, to collect from Plaintiff's trust account the $15.50 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Newton's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

  3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

  4) **DISMISSES** Plaintiff's Complaint sua sponte and in its entirety based on his failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

  5) **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

//

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) and based on his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

DATE: July 29, 2021

_/s/ Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge