UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMA B. BERNARD,<br>Booking #21104941,<br><br>                         Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO, Bd. of Supervisors; WILLIAM GORE, San Diego County Sheriff's Dept.; SHERIFF DEPUTY MORA; JAMES TEH, North County Prosecutor,<br><br>                         Defendants. | Case No.  21-cv-967-MMA (AGS)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILURE TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On May 19, 2021, Plaintiff Ama B. Bernard ("Plaintiff"), while detained at the San Diego Central Jail ("SDCJ"), and proceeding *pro se*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1 ("Compl.").  Plaintiff sought the dismissal of San Diego Criminal Case No. CN404627 and monetary damages against the City of San Diego, the San Diego County Sheriff, a Sheriff's Department Deputy, and a San Diego County Deputy District Attorney based on claims that they selectively prosecuted,

falsely imprisoned, and subjected him to unsafe conditions and excessive force at the SDCJ. *See id.* at 2–5.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

On July 29, 2021, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Complaint for failure to state claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See* Doc. No. 6. The Court notified Plaintiff of his pleading deficiencies and granted him 45 days to file an Amended Complaint that fixed them. *See id.* at 5–12. Plaintiff was also warned his failure to amend would result in the dismissal of his case. *See id.* at 13 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before September 13, 2021. More than two weeks have elapsed since that time, but to date, Plaintiff has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's July 29, 2021 Order requiring amendment.

---

[1] In fact, the Court's July 29, 2021 Order, *see* Doc. No. 6, was returned to the Clerk of Court as undeliverable by the U.S. Post Office on August 12, 2021, with a notation that Plaintiff was "out of custody." *See* Doc. No. 7 at 1. "A party proceeding pro se must keep the court and opposing parties advised as to current address." S.D. Cal. CivLR 83.11.b.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: September 30, 2021

*/s/ Michael M. Anello/*

HON. MICHAEL M. ANELLO
United States District Judge